UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 26 CR 31 |
| | ) | Magistrate Judge Beth Jantz |
| VYSHONNE DAWKINS. | ) | |

### VYSHONNE DAWKINS'S POSITION PAPER IN SUPPORT OF HIS PRETRIAL RELEASE

Defendant, VYSHONNE DAWKINS ("Vyshonne"), by his undersigned counsel, respectfully submits the following in support of his pretrial release pending trial, pursuant to 18 U.S.C. §3142(f), and states as follows:

**Introduction.**

1. Vyshonne is charged by way of criminal complaint with attempted Hobbs Act robbery (18 U.S.C. 1951(b)), and the government has moved for his pretrial detention pursuant to 18 U.S.C. §3142(f)(1)(E). (ECF #9). However, given his urgent medical condition and in light of the combination of conditions which will assure his appearance as required for the safety of the community, the government's motion should be denied.

**Vyshonne's Physical Condition.**

2. Vyshonne was treated at the University of Chicago Hospital for multiple gunshot wounds to his arm, groin, hip, and buttock, requiring surgery for an arterial stent, femur fracture, vein ligation, and nerve repair. The government has transferred him from the U of C Hospital (where he was receiving required care) to Livingston County Jail,

1

("LCJ") where he is now detained and continues to suffer in much pain and is confined to his wheelchair. He has great difficulty standing independently due to his pain and weakness, and is being prescribed at least eight separate medications.

3. Vyshonne relates that upon his arrival at LCJ, he was not properly attended to; he had not been dispensed medication until approximately 7:00 a.m. the following morning despite his being in pain, the mattress he was first given was not conducive to his physical limitations further aggravating his pain, and despite being told by the government that he would have access to hospital and physical therapy resources at LCJ, he has been given neither. Sadly, Vyshonne also advises that given the staffing at LCJ, he is dependent on other inmates to help him shower and dress.

**Pretrial Release to His Mother-Custodian Will Provide Proper Care at Home.**

4. Vyshonne's mother, Aisha Johnson, is employed with the United States Postal Service and agrees to serve as his third party-custodian while he is on this Court's pre-trial release. She will provide the necessary medical and financial care for her son that his desperate medical needs demand – needs with which the government is clearly not providing him. Specifically, she advises that he may return home under her supervision where he lives with his grandmother and sister on the property owned by Ms. Johnson, just minutes away from her residence. Furthermore, Ms. Johnson is prepared, if necessary, to take an extended leave from her employment in order to care for Vyshonne subject to any combination of conditions the Court orders. Most importantly, Ms. Johnson can assure that Vyshonne receives the medical treatment he requires, including transportation for medical and physical therapy treatments.

### The Imposition of a Combination of Conditions Favor Vyshonne's Pretrial Release.

5. The release conditions provided by 18 U.S.C. §3142(c) defeat the government's ask for detention in this case, given that the following conditions are among those available to assure Vyshonne's compliance with the Cout's order, especially under these circumstances:

- Regular Pretrial Services (PTS) visits.

- Being prohibited from associating with any persons which the government identified, and further, would travel only to/from medical/rehabilitation treatments, and remain within the judicial district.

- Report on a regular basis to pretrial services as required by the Court or PTS.

- Refrain from the commission of any crime or the use of illegal substances.

- Refrain from possessing a firearm or other contraband.

- Participate in electronic home monitoring and abide by curfew as the Court determines necessary.

- Any other condition that the Court deems necessary for Vyshonne's pretrial release.

### Any Alleged Presumption Against Release Is Rebutted by The Facts.

6. The government's reliance on 18 U.S.C. §3142(f)(1)(E) is misplaced and should be rejected as it is rebutted by the facts in favor of pretrial release. The Seventh Circuit reiterated its presumption of detention standard in *United States v. Wilks*, 15 F.4th 842 (7th Cir. 2021) in stating that:

> A defendant charged with a serious drug crime, like Wilks, is subject to a rebuttable presumption that there are no conditions that will assure his appearance and the safety of the community. Id. § 3142(e)(3)(A). ***This places a light burden***

3

> ***of production on the defendant, but the burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention***. *United States v. Dominguez*, 783 F.2d 702, 706–07 (7th Cir. 1986). Rather, the presumption is considered together with the factors listed in § 3142(g). If the government does not carry its burden to justify detention, the judge must order the defendant's release pending trial subject to the least restrictive combination of conditions that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(c)(1)(B).

15 F.4th 842, 847. (Emphasis added).

      8.      Moreover, the Seventh Circuit's cited earlier decision in *United States v. Dominguez*, 783 F.2d 702 (1986), made clear that a defendant rebuts the presumption by presenting "some evidence" related to §3142(g) factors, including any "evidence of economic and social stability." In *Dominguez*, the court of appeals opined that:

> …Nor can a defendant "rebut" the government's showing of probable cause to believe he is guilty of the crimes charged. That showing is not really at issue once the presumptions in Sec. 3142(e) have been properly triggered; [footnote omitted] evidence probative of guilt is admitted at a detention hearing only to support or challenge the weight of the government's case against the defendant. *United States v. Hurtado*, 779 F.2d 1467, 1479-1480 (11th Cir.1985). This is only one of the factors relevant to detention. 18 U.S.C. Sec. 3142(g)(2). A defendant cannot be detained as dangerous under Sec. 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions "will reasonably assure ... the safety of the community ..." [emphasis original]. That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct. This is, indeed, the very import of the presumption of dangerousness in Sec. 3142(e); it represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions. To rebut this presumption, they need not necessarily show that they are not guilty of the charged crimes in the first place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that "what is true in general is not true in the particular case ..." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985). Any evidence favorable to a defendant that comes within a category listed in Sec. 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and

> employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in Sec. 3142(g)(3) can affect the operation of one or both of the presumptions, including evidence of their marital , family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in Sec. 3142(g)(3).
>
> \*\*\*
>
> As we did in *United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir.1985), we refer to *Jessup* on the proper interpretation of those presumptions. In *Jessup*, 757 F.2d at 381-84, the court correctly identifies the presumptions in Sec. 3142(e) as being of the so-called "middle ground" variety; that is, they do not disappear when rebutted, like a "bursting bubble" presumption, nor do they actually shift the burden of persuasion to the defendant. **They are "rebutted" when the defendant meets a "burden of production" by coming forward with some evidence that he will not flee or endanger the community if released**. Once this burden of production is met, the presumption is "rebutted" in the sense that word was used in *Jessup*. Use of that word in this context is somewhat misleading because the rebutted presumption is not erased. Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in Sec. 3142(g). *Jessup*, 757 F.2d at 384. The burden of persuasion remains with the government once the burden of production is met. Id. at 381-82… The burden of production is not a heavy one to meet.

*Id.* at 783 F.2d 706-08. (Emphasis added).

9. 18 U.S.C. §3142(g) provides that category of factors to be considered by the Court in determining whether there are conditions of release that will assure Vyshonne's appearance and the safety of the community. They include:

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

In this case, any presumption is rebutted by Vyshonne's dreadful physical condition, one which restrains him by his immobility and his dependency on others just to exist. This clearly demonstrates that he does not represent a flight risk and is not a "danger to any person or the community that would be posed by [his] release," particularly given the

5

fact that he requires constant care. It is respectfully suggested that this very well qualifies as "that something about their individual circumstances, [which] suggests that 'what is true in general is not true in the particular case ...'" to which the *Jessup* court refers.

Therefore, for these reasons, Vyshonne respectfully requests that the Court deny the government's motion for pretrial detention and enter an order releasing him from detention upon an appropriate bond including a combination of conditions, pending trial, and for any and all relief that this Court deems proper and necessary.

                Respectfully submitted,
                VYSHONNE DAWKINS

                By:   /s/ *Nicholas G. Grapsas*
                       His Attorney

Nicholas G. Grapsas
NICHOLAS G. GRAPSAS, LTD.
1630 Colonial Parkway, 2d Floor
Inverness, IL 60067
(847) 963-0100
nick@grapsaslaw.com

## CERTIFICATE OF SERVICE

Nicholas G. Grapsas, an attorney, hereby certifies that on February 4, 2026, this pleading was served via electronic mail to the party identified below, and further state that I shall be filing the same with the Clerk of Court:

        Simar Khera
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, IL 60604
        simar.khera@usdoj.gov

                /s/ *Nicholas G. Grapsas*
                  Nicholas G. Grapsas